UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-00056-TBR-LLK

ANTWOINE BUCKNER,                                    PLAINTIFFS

v.

DOUGLAS AUTOTECH CORPORATION,                     DEFENDANT

**OPINION & ORDER**

Senior Judge Thomas B. Russel referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions. [DN 8].

On January 12, 2021, the Defendant issued a subpoena for the cell phone records of Plaintiff to New Cingular Wireless Services. [DN 18-1]. Plaintiff objected. *Id.* The parties were unable to resolve their dispute and at the January 19, 2021 status conference Plaintiff was granted leave to file the underlying Motion to Quash. [DN 15].

This matter is currently before the Court on Plaintiff's 'Motion to Quash Subpoena, or in the Alternative, Motion for a Protective Order' filed on January 25, 2021. [DN 17]. On February 8, 2021, Defendant filed their response. [DN 18]. And on February 15, 2021, Plaintiff filed their reply. [DN 19]. Having received the parties briefing on the issue, the motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, Plaintiff's Motion to Quash, [DN 17], is **GRANTED.**

**DISCUSSION**

Defendant terminated Plaintiff's employment for allegedly taking unauthorized leave under the Family and Medical Leave Act, ("FMLA"). [DN 17-1 at 2, 18 at 1-2].

There is no dispute that Plaintiff was entitled to FMLA leave to care for his son. Defendant alleges that it only authorized three days of FMLA leave based on medical documentation.

1

Plaintiff alleges that Defendant authorized thirty days of FMLA leave based on a Designation Notice, form WH-382 that stated: "All but 24 hours of PTO. This FMLA is approved for 30 days only, from 12/21/17 – 1/21/18". Defendant terminated Plaintiff "due to violat[ion of] the attendance policy" after Plaintiff failed to "provide documentation proving [Plaintiff's] absences from January 2-8 2018 were related to [Plaintiff's] approved FMLA leave." [DN 19-2].

Plaintiff brings claims of FMLA interference, FMLA retaliation, promissory estoppel, and improper notice in violation of the Consolidated Omnibus Budget Reconciliation Act. [DN 17-1 at 1].

Defendant issued a subpoena for Plaintiff's phone records. Plaintiff "requests this Court quash, prevent, or limit Defendant's subpoena issued to New Cingular Wireless on January 12, 2021." [DN 17 at 1]. Plaintiff submits that the request is overbroad, seeks irrelevant information and is prohibited by the Stored Communications Act, ("SCA"). [DN 17 at 2].

Generally, parties can discover any unprivileged information or evidence relevant to their claim. Fed. R. Civ. P. 26(b)(1). However, the Court has discretion to limit the scope of discovery. Fed. R. Civ. P. 26(b)(2).[1] Center to the dispute today is, first, whether the information is relevant as to be discoverable, and second, if so, whether the Court ought to limit that discovery for other reasons.

"Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the

---

[1] "Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Courts, however, have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (quoting *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

2

litigation, and the importance of the proposed discovery in resolving the issues.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting Fed.R.Civ.P. 26(b)(2)(C)(iii)).

As for the burden of proof, typically, it is the party "resisting discovery [that] bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007); see also *Phillips v. Philip Morris Companies Inc.*, 2013 WL 2297079, at *1 (N.D. Ohio May 24, 2013), *objections sustained in part and overruled in part*, 2013 WL 3291516 (N.D. Ohio June 28, 2013) ("The burden of persuasion in a motion to quash a subpoena is borne by the movant."). However, this burden is reversed where relevancy is not apparent on the face of the request. See *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (W.D. Ohio 2011); see also *Perez v. Off Duty Police Servs., Inc.*, No. 3:13-CV-935-DJH-LLK, 2015 WL 2089962, at *1 (W.D. Ky. May 4, 2015) ("Only after a showing of relevance and good cause does the presumption for enforcement of the subpoena arise."). And here, as Plaintiff correctly states: "[w]hy Defendant believes any cell phone records other than ones for the few phone calls described [between the parties] are relevant or discoverable is not immediately apparent." [DN 17-1 at 8]. Thus, the onus is upon the Defendant to prove relevance and good cause.

Here, Defendant's subpoena requests:

> A complete copy of the cellular phone records for Antwoine Buckner's mobile number (931) 809-0813, which may or may not be under the above-mentioned name, for the date period of October 2017 through March 2018, including but not limited to; an itemized listing of all text messages sent and received; incoming and outgoing phone calls; picture messages sent and received; media usage, and any other document whatsoever regarding the date(s) given above.

3

[DN 18-1 at 2]. Defendant asserts that it "is entitled to investigate whether he used the 'extra days' of alleged FMLA leave/unauthorized time off to further his setting up his own business, as opposed to his claimed reason of caring for his son, when he had been advised that he had three (3) days." [DN 18 at 3-4]. But Defendant offers no authority in support of its assertion. This claim, consistent with Defendant's briefing, relies upon the assumption that Plaintiff was only authorized for three days for FMLA leave—yet, the factual dispute underpinning the matter is exactly that: was Plaintiff authorized for three or thirty days?

Further, Defendant offers no evidence to support its allegations that Plaintiff was using leave for other reasons besides this unsupported statement: "it is Defendant's understanding that while working for the Defendant, prior to the lawsuit, Mr. Buckner advised several coworkers that he was planning to open his own shop, and Plaintiff testified in his discovery deposition that he currently is in [the] process of opening a shop." [DN 18 at 3].

In fact, the only evidence offered by Defendant for relevance is the WH-380-F form. This is an "optional tool provided by the FMLA for employers to use to request information to support certain FMLA-qualifying reasons for leave" and is distinct from the WH-382 form, which is the Designation Notice. FMLA Forms, *available at* https://www.dol.gov/agencies/whd/fmla/forms. *Here*, Defendant cited WH-380-F as proof that Plaintiff was only designated three days of leave:

> The information regarding what Plaintiff, and who Plaintiff was contacting and what he was doing during the additional 'days off' when he was purportedly taking care of his son is relevant to the reason for the issue at the center of the dispute: why the Plaintiff took more than the three (3) days indicated by the doctor's note as needed (See Exhibit 3) – corroborating the defense theory that Plaintiff was feigning authorization of thirty (30) days off under FMLA in order to improperly utilize FMLA to start/pursue different employment altogether.

[DN 18 at 4-5]. This is misleading. The issue 'at the center of the dispute' is the amount of designated leave. First, this is not the apparent purpose of this form.[2] Second, this form has entries from the employer, employee and doctor, but critically—the only employer notations support the Plaintiff's, and not Defendant's position: "Approved 30 days[.]" [DN 18-3]. Finally, while Defendant claims that Plaintiff was "feigning authorization" it is not clear from the evidence presented in the briefs filed to date what is meant by the accusation. Indeed, this could be an accusation of forgery, but Defendant could just as well be accusing the Plaintiff of fraudulently obtaining the documents. Thus, with no after-acquired evidence of wrongdoing, the relevance of Plaintiff's phone records is not readily apparent. For that reason alone, this is outside the scope of discovery.

Plaintiff also argues that "[p]ursuant to the SCA, providers of communications 'shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service, unless one of the specifically enumerated exceptions [] applies." [DN 17-1 at 9] (quoting 18 U.S.C. § 2702(a)(1)). This question is not settled.[3] However, this Court sees no need to reach the issue as the Defendant was unable to show that the Subpoena was sufficiently relevant as to meet their burden of proof. *Hawn v. Vitas Hospice Servs. LLC*, 2020 WL 5230713, at *4

---

[2] WH-380-F is used "to inform the employee that the certification is incomplete or insufficient and additional information is needed." *Id*. Rather, it is Plaintiff who provides form WH-382, the Designation Notice, the form that "informs the employee of the amount of leave that is designated." [DN 19-1]. And the section of the designation notice form reserved for the employer states: "All but 24 hours of PTO. This FMLA is approved for 30 days only, from 12/21/17-1/21/18." *Id*.

[3] Whether Courts may grant disclosure of electronic communications pursuant to civil discovery subpoenas is an unsettled question. See *Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008) (citations omitted) ("[A]s noted by the courts and commentators alike, § 2702 lacks any language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order."). Some Courts within this circuit have held if "none of these exceptions apply to the instant subpoena, the disclosure should not occur and the motion to quash should be granted." *Baker v. Royce*, 2015 WL 13584586, at *3 (E.D. Mich. June 26, 2015), *objections overruled*, 2016 WL 286422 (E.D. Mich. Jan. 25, 2016). Conversely, others acknowledge the Court likely had the power to order third party consent, but, "avoid such potentially difficult questions where a more straightforward path is readily available" by instructing the party serve a Rule 34 request for production, which faces no similar complications. *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008).

(S.D. Ohio Sept. 2, 2020) ("[t]he undersigned finds no need for a work-around in this case, based upon Plaintiff's complete failure to show that the information sought by the subpoena is sufficiently relevant.").

For the reasons set forth above, the Motion to Quash, [DN 17], is **GRANTED**.

**IT IS SO ORDERED.**
August 3, 2021

Lanny King, Magistrate Judge
United States District Court

c:    Counsel of Record